IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH G. and JANET SOPPICK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 03-890 |
| BOROUGH OF WEST CONSHOHOCKEN, | : | |
| et al. | : | |

## ORDER - MEMORANDUM

AND NOW, this 22nd day of October, 2003, "Plaintiffs' Motion to Show Cause Why this Action Should not be Dismissed and Motion for Leave to Amend Complaint" is granted, Fed. R. Civ. P. 15(a).[1] Defendants' motions to dismiss the complaint are denied, Fed. R. Civ. P. 12(b)(6).[2] Defendants are ordered to answer the amended complaint or otherwise plead by November 10, 2003.

On February 13, 2003, plaintiffs filed the complaint in this § 1983 action, and by mid-April, twenty-nine of the thirty-one defendants had been served. They filed Rule 12(b)(6) motions, to which plaintiffs did not respond. Instead, on May 14, 2003, plaintiffs

---

[1] "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . . In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

[2] Though technically unopposed, defendants' pending motions to dismiss are denied because the Rules of Civil Procedure "encourage an opportunity to amend before dismissal." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.34[5] (3d ed. 2000). A dismissal for failure to state a claim is on the merits. See Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980). To dismiss plaintiffs' claims on the merits, without first permitting an opportunity to amend, would constitute a forfeiture resulting simply from noncompliance with the Rules of Civil Procedure.

filed a motion to amend the complaint - albeit unnecessarily.[3]  Defendants opposed the motion because the proposed amendment was not attached.[4]  On June 5, 2003, plaintiffs' motion was denied without prejudice to renewal by June 13, 2003, with the amended complaint to be attached to the motion.[5]  On June 13, 2003, plaintiffs delivered copies of the amended complaint to defendants and the court, but did not file the complaint or attach it to a motion to amend.  On July 17, 2003, plaintiffs were ordered <u>sua sponte</u> to show cause why defendants' still unopposed 12(b) motions should not be granted.  In response, on August 1, 2003, plaintiffs filed the motion that is the subject of this memorandum.[6]

Though this case is a procedural quagmire, the delay occasioned by plaintiffs' first

---

[3] "Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading 'once as a matter of course at any time before a responsive pleading is served.'" <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000).  A motion to dismiss is not a responsive pleading under Rule 15(a).  <u>Centifanti v. Nix</u>, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989), citing <u>Reuber v. United States</u>, 750 F.2d 1039, 1062 n. 35 (D.C. Cir. 1984); <u>McDonald v. Hall</u>, 579 F.2d 120, 121 (1st Cir. 1978).  <u>See also</u> 2 James Wm. Moore, et al., Moore's Federal Practice § 12.34[5] (3d ed. 2000) ("Because a motion to dismiss for failure to state a claim is not a 'responsive pleading,' a plaintiff may amend the complaint once without leave, even during the pendency of a motion to dismiss, if the defendant has not yet served an answer.")

[4] <u>See</u> <u>Cureton v. National Collegiate Althletic Ass'n.</u>, 252 F.3d 267, 272-73 (3d Cir. 2001) (court "may deny a request [to amend] if the movant fails to provide a draft amended complaint"), citing <u>Lake v. Arnold</u>, 232 F.3d 360, 374 (3d Cir. 2000); <u>Centifanti</u>, 865 F.2d at 1431 n.10 (noting "better practice to be followed in filing a motion to amend a complaint is to attach with the motion a copy of the proposed amended complaint.")

[5] <u>See</u> <u>Centifanti</u>, 865 F.2d at 1431.  In <u>Centifanti</u>, plaintiff's motion to amend the complaint was part of his supplemental answer to defendants' motion to dismiss or in the alternative, for summary judgment, filed by defendants.  <u>Id.</u>  The motion was denied by the district court.  On appeal, the motion, which was found to be unnecessary in light of the absence of a responsive pleading, was considered on its merits and treated as though it was "a case in which leave of court is required to amend." <u>Id.</u>

[6] It is unclear what the "Show Cause" portion of the motion refers to.

unnecessary motion to amend, as well as the most recent motion to amend, has not been undue; the amendment does not add claims or parties; and defendants will not be severely prejudiced.[7]

When it comes to apportioning responsibility, there is more than enough to go around. Had plaintiffs, defendants, and the court more carefully observed the applicable Rules of Civil Procedure, plaintiffs could have timely filed an amended complaint as a matter of course following the motions to dismiss. This would have had the dual procedural effect of mooting the pending motions and necessitating either an answer or a renewed motion without court intervention.

BY THE COURT:

_____
Edmund V. Ludwig, J.

---

[7] Defendants uniformly objected to granting leave to amend, arguing that the amended complaint cannot survive a 12(b)(6) motion. That issue can be considered upon the filing of the motion, rather than in the present anticipatory posture. Defendants also urge dismissal because their "pending" 12(b)(6) motions have not been responded to. That argument is rejected for the reasons stated in note 2, supra.