IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH G. and JANET SOPPICK, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 03-890 |
| BOROUGH OF WEST CONSHOHOCKEN, et al. | : | |
| | : | |

**ORDER-MEMORANDUM**

AND NOW, this 8th day of March, 2004, defendants[1] motions to dismiss the amended complaint are granted, Fed. R. Civ. P. 12(b)(6).[2] Plaintiffs' § 1983 claims are dismissed. Supplemental jurisdiction is relinquished, and plaintiffs' state law claims are transferred to the Court of Common Pleas of Montgomery County, Pennsylvania, 28 U.S.C. § 1367(c)(3).[3]

---

[1] Separate motions were filed by (1) Robert Johnston, Borough of West Conshohocken Engineer, (2) Eileen Yakonick, a neighbor of plaintiffs, (3) Carmella and Michael DeLucca, neighbors of plaintiffs, and (4) the Borough of West Conshohocken, including the Borough Council of West Conshohocken, the Zoning Hearing Board of West Conshohocken, Borough of West Conshohocken Police Department, William Keil, Robert Livingston, George Carpenter, Joseph Pignoli (Mayor), Joseph G. Clayborne (Chief of Police), Stephen Walker (Police Officer), Patricia B. Barr (Borough Council President), Josephine S. Scharf, John Cooper, Michael Pezzano, Peter W. Vivian, Joseph L. Costello, Charles McHugh, Eric Smith, Ron Pignoli and Charles May. Also named as defendants are Joseph P. Pignoli, Jr., Piero A. Sassu, Jeffrey Weiler, Z. Raymond Sokolowski, James Carpenter and Irene Pultorak. All claims against these defendants are dismissed for the reasons set forth.

[2] Under Federal Rule of Civil Procedure 12(b)(6), accepting as true all well-pleaded facts and reasonable inferences contained in the complaint, the complaint may be dismissed, "only if it is certain that no relief can be granted under any set of facts which could be proved." General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 303 n.1 (3d Cir. 2003), quoting Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 919 (3d Cir. 1999).

[3] "The district courts may decline to exercise supplemental jurisdiction . . . if [ ] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.§ 1367(c)(3).

The amended complaint asserts §1983 claims for violations of plaintiffs' right to equal protection and substantive and procedural due process. It also contains state law claims for impairment of contractual relations, breach of implied contract, breach of contract/quasi-contract, tortious interference with existing and prospective contractual relations, fraudulent and negligent misrepresentation, estoppel, conspiracy and "pendant state claims."[4] The facts, viewed most favorably to plaintiffs, are as follows:

In 1996, plaintiffs obtained from the Borough a permit to complete renovations on their home. Amended Complaint, ¶ 55. In 1997, they were granted a six-month extension of the permit. Id. at ¶ 62. In 1998, they began construction, which continued through much of 1999. Id. at ¶¶ 65, 66. In March 1999, at a public meeting, plaintiffs inquired into the disposition by the Borough Mayor of donations to the Mayor's Safety Fund. Id. at ¶ 67. The Mayor and the Borough Inspector requested plaintiffs to "back off" on the fund issue; plaintiffs refused. Id. at ¶ 46. In April 1999, allegedly in retaliation for plaintiffs' inquiry, the Borough, through George Carpenter, issued a stop work order for plaintiffs' renovations, citing BOCA code violations. Id. at ¶ 72. At that time, plaintiffs' request to review the file relating to their renovations was denied, and in May 1999, they were told that the file had been "removed" from Borough offices. Id. at ¶¶ 74, 75. In June 1999, the Borough Council conducted a hearing regarding the renovations and the stop work order,

---

[4] Count XVI, styled "Pendant State Claims," alleges that the Borough, Borough Council, Borough Police Department, and individual defendants Pignoli (Mayor), Clayborne (Chief of Police), Walker (Police Officer), Weiler and Sokolowski failed to properly investigate a series of incidents involving plaintiffs as victims.

and upheld the stop work order. Id. at ¶ 77.[5]

Plaintiffs' claims are dismissed for the following reasons:

1. Count VI[6] - Plaintiffs' § 1983 claim asserting violations of equal protection rights arising from the issuance on April 23, 1999 of the stop work order are time-barred - having (1) accrued on that date, and (2) been filed on February 13, 2003, more than two years later.[7] Plaintiffs' equal protection claims arising from the alleged failures to investigate incidents occurring more than two years prior to the filing of the complaint are also time-barred.[8]

---

[5] The amended complaint alleges that, since that time, plaintiffs have not been able to obtain a further work permit and have not been able to complete the renovations to their property. Id. at ¶ 78. It also alleges that plaintiffs have been subject to the Borough's retaliation - by failure to investigate plaintiffs' reports that a neighbor child pushed one of their children, a neighbor yelled at one of their children, a neighbor struck plaintiffs' fence with his car in 1999, a neighbor punched plaintiff Mr. Soppick in the nose in 2000, neighbors made defamatory comments about plaintiffs, and that their daughter was allegedly raped in 2000, together with the Borough's condemnation of plaintiffs' property with no reason or remedy cited, its termination of Mr. Soppick's employment in 1999, its issuance of a search warrant in 2002, its postin gof materials embarrassing to plaintiffs, and sewer billing problems. Amended Complaint, Count XVI.

[6] Counts I through V do not include any claims, but only set forth the factual background of the case.

[7] Elliott, Reihner, Siedzikowlsi and Egan, P.C. v. The Pennsylvania Employees Benefit Trust Fund, 161 F.Supp.2d 413, 421 (E.D. Pa. 2001), citing Stouffer v. City of Reading, 2000 WL 326190 (E.D. Pa. 2000) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury). Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.2d 582, 539 (3d Cir. 1998) (equal protection claims subject to two-year statute of limitations). Any First Amendment retaliation claim based upon the issuance of the stop work order in the face of plaintiffs' inquiries into the disposition of funds from the Mayor's Safety Fund is, similarly, time-barred.

[8] These incidents include a neighbor hitting plaintiffs' fence with his car in 1999, a neighbor punching plaintiff in the nose in 2000, Mr. Soppick's termination by the Borough in 1999, and the alleged rape of plaintiff's daughter in 2000.

2. Count VII - Likewise, the § 1983 claims asserting violations of plaintiffs' procedural due process rights are time-barred, because (1) they accrued, at the latest, on June 8, 1999, and (2) were filed on February 13, 2003, more than two years later.[9] The other alleged violations of plaintiffs' substantive due process rights arising from interference with the process of issuing a Building Permit, motivated by "bias, bad faith and/or improper motive," amended complaint, ¶ 108, are also time-barred for the same reason, and fail to state a claim.[10]

3. Count VIII - The § 1983 claims asserting violations of plaintiffs' right to be free from state laws impairing their contractual relations fail to state a claim upon which relief may be granted. A violation of the Contract Clause must implicate an act of the legislature. Enforcement of zoning regulations is an administrative, not legislative, act.[11]

---

[9] See Sameric, supra (holding cause of action based on improper denial of permit accrued on date permit was denied; claim subject to two-year statute of limitations).

[10] United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 366 F.3d 392 (3d Cir. 2003) ("improper motive" not standard to be applied in substantive due process cases; conduct must "shock the conscience").

[11] See Transport Worker's Union of America, Local 290 v. Southeastern Pa. Transport. Auth., 1996 WL 420826 (E.D. Pa. 1996) (citations omitted) (prohibition in contract clause is "aimed at legislative power of the state.)"; Taylor Investment, LTD v. Upper Darby Twp., 983 F.2d 1285, 1292 (3d Cir. 1993) (zoning officer "administer[s] township's zoning ordinances."); Rogin v. Bensalem Twp., 616 F.2d 680 (3d Cir. 1980) (applying zoning regulations is ministerial duty); Botton v. Marple Twp., 689 F. Supp. 477 (E.D. Pa. 1988) (ruling on application for zoning variance is administrative function); Jodeco, Inc. v. Hann, 674 F. Supp. 488 (D.N.J. 1987) (denial of application for zoning variance is not legislative act).

The remainder of the amended complaint asserts state law claims. Given the dismissal of the claims on which federal court jurisdiction has been based, supplemental jurisdiction over these claims shall be relinquished, and they are transferred to the Court of Common Pleas of Montgomery County, Pennsylvania.

                                                    BY THE COURT:

                                                    _____
                                                    Edmund V. Ludwig, J.