IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH G. and JANET SOPPICK, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 03-890 |
| BOROUGH OF WEST CONSHOHOCKEN, | : | |
| et al. | : | |

## **ORDER**

AND NOW, this 15th day of April, 2004, "Plaintiffs' Motion for Reconsideration of

the Order to Dismiss" and "Plaintiffs' Supplemental Motion for Reconsideration of the

Order to Dismiss" are denied.[1]


BY THE COURT:


_____

Edmund V. Ludwig, J.

---

[1] "The purpose of a motion for reconsideration is to correct manifest errors of law
or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d
906, 909 (3d Cir. 1985). "The party seeking reconsideration [must show] at least one of
the following grounds: (1) an intervening change in the controlling law; (2) the
availability of new evidence that was not available when the court granted [the motion];
or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."
Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing North River
Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Plaintiffs argue, without support, that the court incorrectly determined the
accrual date of their § 1983 claims, because that date was tolled (and is still tolled) by
the pendency of state court litigation related to the April 1995 stop-work order.
However, see e.g., Ellis v. Dyson, 421 U.S. 426, 432-33 (1975) ("It is not necessary to
exhaust state-law judicial remedies before bringing a § 1983 action.") .